# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

MANTUA MANUFACTURING
COMPANY,

    Plaintiff,

v.

IRIZE MATTRESS, INC., and
MOHANAD SALEM JAMIL,

    Defendants.
_____/

Case No.:

## COMPLAINT

Plaintiff, Mantua Manufacturing Company ("Plaintiff" or "Mantua"), sues Defendants, iRize Mattress, Inc. ("iRize"), and Mohanad Salem Jamil ("Jamil," and together with "iRize", the "Defendants"), and alleges as follows:

## NATURE OF THE ACTION

This is an action for federal trademark infringement, unfair competition, and cybersquatting, arising from Defendants' unauthorized use of Mantua's longstanding and federally registered **RIZE** trademarks. Defendants used the **RIZE** Trademarks (defined below) and registered and maintained in bad faith the domain name www.irizemattress.com without Rize's authorization to create marketplace confusion and to falsely suggest that RIZE is affiliated with Defendants. Defendants' conduct is unlawful and must be enjoined.

## JURISDICTION AND VENUE

1.    This Court has original jurisdiction over Mantua's claims for federal trademark infringement, cybersquatting, and federal unfair competition under 15 U.S.C. §§ 1121, 1125

1



(Lanham [Trademark] Act); 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1367 (supplemental jurisdiction). This Court has supplemental jurisdiction over Mantua's claims for common law trademark infringement and unfair competition as such claims are so related to the federal trademark claims as to form the same case and controversy.

2. This Court has personal jurisdiction over Defendant iRize because iRize is a corporation organized under the laws of the State of Florida, doing business in Florida and this District, and has committed unlawful acts which have caused injury to the Plaintiff within this District.

3. This Court has personal jurisdiction over Defendant Jamil because he is an individual who resides in the State of Florida, resides in this Judicial District, and controls the actions and activities of iRize.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because all Defendants reside in this District and a substantial part of the events giving rise to the claim occurred in this District.

## THE PARTIES

5. Mantua is a company organized and existing under the laws of the State of Ohio. Mantua is registered to conduct business in the State of Florida.

6. iRize is a Florida corporation located in Miami-Dade County, Florida.

7. Defendant Mohanad Salem Jamil is an individual who resides and conducts business in Miami-Dade County, Florida. Jamil is iRize's resident agent and sole officer and director. Defendant Jamil directed, controlled, ratified, participated in, or was otherwise the moving force behind the alleged infringing activity and, therefore, is personally liable for Defendant iRize's acts of trademark infringement, unfair competition, and cybersquatting without regard to alter ego

2

BERGER SINGERMAN

350 EAST LAS OLAS BOULEVARD | SUITE 1000 | FORT LAUDERDALE, FLORIDA 33301
t: (954) 525-9900 | f: (954) 523-2872 | WWW.BERGERSINGERMAN.COM

liability or piercing the corporate veil.

## FACTS COMMON TO ALL COUNTS

### I. Mantua's Trademark Rights

8. Mantua markets bedding products throughout the United States, including to consumers in Florida, through a division of the company called "Rize."

9. Mantua owns U.S. Trademark Registration No. 4475101 (the "'101 Registration"), issued on the United States Patent and Trademark Office's ("USPTO") Principal Register on January 28, 2014, for the standard character mark RIZE, in association with "electric adjustable beds," in International Class 20. The '101 Registration is now incontestable pursuant to Section 15 of the Trademark Act, 15 U.S.C. § 1065. *See* **Exhibit A** attached hereto.

10. Mantua also owns U.S. Registration No. 4484408 (the "'408 Registration"), issued on the USPTO's Principal Register on February 18, 2014, for a stylized RIZE mark, also for use in connection with "electric adjustable beds", in International Class 20. This mark is shown below:



The '408 Registration is now incontestable pursuant to Section 15 of the Trademark Act, 15 U.S.C. § 1065. *See* **Exhibit B** attached hereto.

11. Mantua began using the RIZE marks in the '101 and '408 Registrations in association with electric adjustable beds at least as early as August 24, 2011.

12. Additionally, Mantua has expanded its use of the RIZE marks to market other bedding products, including mattresses. Relatedly, Mantua is the owner of (a) U.S. Registration No. 5905247, issued on the USPTO's Principal Register on November 5, 2019, for a stylized RIZE

3

BERGER SINGERMAN

350 EAST LAS OLAS BOULEVARD | SUITE 1000 | FORT LAUDERDALE, FLORIDA 33301
t: (954) 525-9900 | f: (954) 523-2872 | WWW.BERGERSINGERMAN.COM

mark that covers mattresses, among other bedding products, and (b) U.S. Registration No. 6,185,830, issued on the USPTO's Principal Register on October 27, 2020, for a stylized RIZE mark that covers mattresses, among other bedding products.

13. As a result of Mantua's long-standing use of its RIZE marks in connection with the advertising, promotion, and sale of high quality bedding products and the excellent customer service it provides, Mantua has built up substantial goodwill in its marks.

## II. Defendants' Infringement

14. In or about March 2020, Mantua learned that iRize was using an "iRize" mark in commerce to promote and offer for sale mattresses and related bedding products, including adjustable electric bed frames.

15. Mantua further learned that iRize was promoting and offering its bedding products for sale through its website (the "iRize Website") located at the domain name www.irizemattress.com / where the "iRize" mark was prominently displayed throughout. Through this website, consumers can obtain information from iRize about its products and purchase mattresses and other bedding products from iRize.

16. The iRize Website remains active and accessible, in the same form or substantially the same form as it existed when Mantua first learned of its existence.

17. Mantua also learned that on December 16, 2019, Jamil had filed with the USPTO Application Serial No. 88729106 (the "Application") for registration on the USPTO's principal register of the standard character mark "iRize" in association with "mattresses," in International Class 20. *See* **Exhibit C** attached hereto.

18. Jamil filed the Application on a use-in-commerce basis under § 1(a) of the Lanham Act, 15 U.S.C. §1051(a), claiming a date of first use in commerce of the "iRize" mark of April 1,

BERGER SINGERMAN

350 EAST LAS OLAS BOULEVARD | SUITE 1000 | FORT LAUDERDALE, FLORIDA 33301
t: (954) 525-9900 | f: (954) 523-2872 | WWW.BERGERSINGERMAN.COM

2018.

19. On or about April 3, 2020, Mantua sent a cease and desist letter to Defendants, advising them of Mantua's trademark rights; identifying Defendants' infringing conduct in relation to those rights; demanding that Defendants cease and desist from any further use of the "iRize" mark in connection with the advertising, promotion, or sale of mattresses or related bedding goods; and demanding that Jamil withdraw the Application. *See* **Exhibit D** attached hereto.

20. Mantua further requested that Defendants confirm in writing within seven days of the date of the letter that they would comply with Mantua's demands.

21. Defendants did not respond to the cease and desist letter and continued their infringing conduct.

22. On April 22, 2020, Mantua filed a Notice of Opposition with the USPTO's Trademark Trial and Appeal Board ("TTAB"), opposing registration of the "iRize" mark on the grounds of priority and likelihood of confusion with Mantua's registered RIZE marks. *See* **Exhibit E** attached hereto.

23. Jamil failed to timely respond to Mantua's Notice of Opposition.

24. As a result of Jamil's failure to timely respond to the Notice of Opposition, on June 11, 2020, the TTAB entered a Notice of Default against Jamil under Fed. R. Civ. P. 55(a). The Notice of Default gave Jamil 30 days from June 11, 2020 to show cause why a default judgment should not be entered against him under Fed. R. Civ. P. 55(b)(2).

25. Jamil did not respond to the TTAB's Notice of Default. Accordingly, on August 1, 2020 the TTAB entered a default judgment against Jamil, sustaining Mantua's opposition and refusing registration of the "iRize" mark. *See* **Exhibit F** attached hereto.

26. Defendants' infringing conduct continued throughout the pendency of the TTAB opposition proceedings.

BERGER SINGERMAN

350 EAST LAS OLAS BOULEVARD | SUITE 1000 | FORT LAUDERDALE, FLORIDA 33301
*t:* (954) 525-9900 | *f:* (954) 523-2872 | WWW.BERGERSINGERMAN.COM

27. On or about August 4, 2020, Mantua sent a second letter to Defendants, again demanding that they cease and desist from any further use of the "iRize" mark in connection with the advertising, promotion, or sale of mattresses or related goods. *See* **Exhibit G** attached hereto.

28. As before, Defendants ignored the letter and continued their infringing conduct.

29. Jamil directs and controls the business activities of "iRize," including the wrongful conduct detailed herein, as indicated by the fact that he is iRize's resident agent, he is its sole officer and director, and he personally submitted the Application for registration of the "iRize" mark to the USPTO.

30. Mantua has not licensed any rights in its RIZE marks to Defendants and has not otherwise authorized Defendants' use of an "iRize" mark. Such use is unauthorized and contrary to Mantua's rights in its marks.

31. Defendants' ongoing use of an "iRize" mark in connection with the promotion and marketing of its adjustable bed frames, mattresses, and related goods is likely to cause confusion among consumers and, under the facts set forth herein, constitutes willful and intentional infringement of Mantua's RIZE Marks and its rights therein.

32. By virtue of the registration of Mantua's "Rize" marks on the USPTO's principal register. Defendants had constructive, if not actual, notice of Mantua's ownership of its registered marks pursuant to Section 22 of the Lanham Act, 15 U.S.C. § 1072, prior to Defendants' adoption and use in commerce of the "iRize" mark.

33. By virtue of Mantua's federal registrations for its "iRize" marks, Mantua has exclusive, nationwide rights in those marks in connection with the goods set forth in the registrations, as well as any related goods or goods within Mantua's zone of natural expansion, including mattresses.

BERGER SINGERMAN

350 EAST LAS OLAS BOULEVARD | SUITE 1000 | FORT LAUDERDALE, FLORIDA 33301
t: (954) 525-9900 | f: (954) 523-2872 | WWW.BERGERSINGERMAN.COM

## COUNT I
## TRADEMARK INFRINGEMENT IN VIOLATION OF SECTION 32
## OF THE TRADEMARK ACT, 15 U.S.C. § 1114

Matua repeats and incorporates each and every allegation in paragraphs 1 through 33, as if fully stated herein.

34. Mantua owns registrations for two RIZE marks, U.S. Registration Nos. 4475101 and 4484408, both of which are valid, subsisting, and incontestable pursuant to 15 U.S.C. § 1065.

35. iRize has used an "iRize" mark in commerce in connection with the sale, offering for sale, distribution, and advertising of goods or services in a manner that is likely to cause confusion, to cause mistake, or to deceive, as to the source of iRize's goods or services, as to an affiliation between Mantua and iRize, or as to Mantua's endorsement, sponsorship, or approval of iRize goods or services or the marketing and distribution thereof.

36. iRize's use of an "iRize" mark in connection with the sale, offering for sale, distribution, and advertising of its goods or services is without the permission, authority, or consent of Mantua and constitutes a violation of Mantua's rights in its RIZE marks.

37. Jamil, as the resident agent and sole officer and director of iRize, has the right and ability to supervise and control iRize's infringing activity, has directly and materially participated in or contributed to the infringing activity, and has derived a personal financial benefit from the infringing activity.

38. Defendants' violation of Mantua's rights in its marks was, and is, knowing and willful.

39. As a result of Defendants' wrongful conduct, Mantua has suffered harm including, but not limited to, a loss of good will in its RIZE marks, injury to its reputation and its rights in its marks, and monetary injury.

40. Defendants are jointly and severally liable to Mantua for trademark infringement

BERGER SINGERMAN

350 EAST LAS OLAS BOULEVARD | SUITE 1000 | FORT LAUDERDALE, FLORIDA 33301
t: (954) 525-9900 | f: (954) 523-2872 | WWW.BERGERSINGERMAN.COM

under Section 32 of the Lanham Act, 15 U.S.C. § 1114, entitling Mantua to all remedies as may be available thereunder, including, but not limited to, monetary damages, injunctive relief, and recovery of Mantua's costs and attorney's fees.

## COUNT II
## FEDERAL UNFAIR COMPETITION/FALSE DESIGNATION OF ORIGIN UNDER SECTION 43 OF THE TRADEMARK ACT, 15 U.S.C. § 1125

Matua repeats and incorporates each and every allegation in paragraphs 1 through 33, as if fully stated herein.

41. Mantua owns registrations for two RIZE marks, U.S. Registration Nos. 4475101 and 4484408, both of which are valid, subsisting, and incontestable pursuant to 15 U.S.C. § 1065.

42. As set forth above, iRize has used in commerce a word, term, name, symbol or device, or combination thereof, or a false designation of origin, false or misleading description of fact, or false or misleading representation of fact, that is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of iRize with Mantua or as to the origin, sponsorship, or approval of iRize's goods or services by Mantua.

43. Said use by iRize is without the permission, authority, or consent of Mantua, constituting a violation of Mantua's rights in its RIZE marks.

44. Jamil, as the resident agent and sole officer and director of iRize, has the right and ability to supervise and control iRize's infringing activity, has directly and materially participated in and/or contributed to the infringing activity, and has derived a personal financial benefit from the infringing activity.

45. Defendants' violation of Mantua's rights in its marks was, and is, knowing and willful.

46. As a result of Defendants' wrongful conduct, Mantua has suffered harm including, but not limited to, a loss of good will in its RIZE marks, injury to its reputation and its rights in its

BERGER SINGERMAN

350 EAST LAS OLAS BOULEVARD | SUITE 1000 | FORT LAUDERDALE, FLORIDA 33301
t: (954) 525-9900 | f: (954) 523-2872 | WWW.BERGERSINGERMAN.COM

marks, and monetary injury.

47. Defendants are jointly and severally liable to Plaintiff for unfair competition and/or false designation pursuant to Section 43 of the Lanham Act, 15 U.S.C. § 1125, entitling Mantua to all remedies as may be available thereunder, including, but not limited to, monetary damages, injunctive relief, corrective advertising expenses to counteract the public confusion resulting from Defendants' knowing, willful, deliberate and wrongful conduct, and recovery of Mantua's costs and attorney's fees.

## COUNT III
## COMMON LAW TRADEMARK INFRINGEMENT/UNFAIR COMPETITION

Matua repeats and incorporates each and every allegation in paragraphs 1 through 33, as if fully stated herein.

48. Mantua has continuously and extensively used its RIZE marks in commerce and, based on such use, is the owner of protectable common law rights in the marks.

49. Defendants have wrongfully used and continue to use an "iRize" mark in commerce in connection with the advertising, promotion, and sale of iRize's goods or services.

50. Such use by Defendants is likely to cause confusion, to cause mistake, or to deceive as to an affiliation, connection, or association between iRize and Mantua, or as to the origin, sponsorship, or approval of iRize's goods, services, or commercial activities by Mantua.

51. Jamil, as the resident agent and sole officer and director of iRize, has the right and ability to supervise and control iRize's infringing activity, has directly and materially participated in and/or contributed to the infringing activity, and has derived a personal financial benefit from the infringing activity.

52. Defendants' wrongful acts, as set forth above, constitute common law trademark infringement or unfair competition under the Laws of the State of Florida, and Defendants have

9

committed such wrongdoing in a knowing and willful manner.

53. As a result of Defendants' wrongful conduct, Mantua has suffered harm including, but not limited to, a loss of good will in its RIZE marks, injury to its reputation and its rights in its marks, and monetary injury.

54. As a result of their wrongful actions, as described herein, Defendants are jointly and severally liable to Mantua for any and all relief available that may be available in law or equity, including, but not limited to, injunctive relief, monetary damages, and recovery of costs and attorney's fees.

### COUNT IV
### VIOLATION OF THE FEDERAL ANTI-CYBERSQUATTING
### CONSUMER PROTECTION ACT, 15 U.S.C. § 1125(d)

Matua repeats and incorporates each and every allegation in paragraphs 1 through 33, as if fully stated herein.

55. Defendants have registered and used one or more domain names, including irizemattress.com, that are confusingly similar to Mantua's RIZE marks.

56. Mantua's marks were distinctive at the time Defendants registered the offending domain name(s).

57. Defendants have no rights or legitimate interest in any portion of the domain name, www.irizemattress.com.

58. Defendants registered and used the offending domain name to divert consumers from Plaintiff's website(s) to the website associated with the offending domain name for Defendants' commercial gain by creating a likelihood of confusion as to the source, sponsorship, affiliation or endorsement of their website and the products thereon.

59. Defendants registered and used the offending domain name(s) with the bad faith intention to benefit and profit from Mantua's marks and the goodwill Mantua has built up in its

10

**BERGER SINGERMAN**

350 EAST LAS OLAS BOULEVARD | SUITE 1000 | FORT LAUDERDALE, FLORIDA 33301
t: (954) 525-9900 | f: (954) 523-2872 | WWW.BERGERSINGERMAN.COM

marks.

60. Defendants are liable for cybersquatting under Section 43(d) of the Lanham Act, entitling Mantua to all such remedies as may be available for a violation thereof, including, but not limited to, all monetary damages, statutory damages, costs, and attorney's fees provided for in 15 U.S.C. § 1117, or otherwise at law or in equity; an order enjoining Defendants from registering, re-registering, or using any such offending domain names, or any similar iterations thereof, and (c) an order requiring Defendants to transfer to Plaintiff ownership of any such offending domain names.

## **PRAYER FOR RELIEF**

Mantua respectfully requests that the Court enter a judgment in its favor and against Defendants, jointly and severally, granting the following relief:

(1) Determining and declaring that Defendants have violated Mantua's rights in its RIZE marks;

(2) Permanently enjoining Defendants, any and all agents or representatives of iRize, and any and all others acting in concert or participation with Defendants, from (a) using an "iRize" mark, or any variation or colorable imitation thereof, in any manner whatsoever in connection with the sale, offering for sale, promotion, advertising, marketing or distribution of any bed frames, mattresses, or any substantially related goods or services; (b) infringing Mantua's RIZE marks; (c) unfairly competing with Mantua by using a name or mark in commerce, in any manner whatsoever, including, but not limited to, as part of a domain name, that is confusingly similar to Mantua's RIZE marks; (d) selling, offering for sale, advertising, or promoting goods and services under the infringing "iRize" mark, or any variation or colorable imitation thereof, in any manner not authorized by Mantua;

(3) Order Defendants to file with the Court and serve upon Plaintiff, within thirty (30) days of the entry of the injunction prayed for herein, a report in writing under oath setting forth in

11

BERGER SINGERMAN

350 EAST LAS OLAS BOULEVARD | SUITE 1000 | FORT LAUDERDALE, FLORIDA 33301
t: (954) 525-9900 | f: (954) 523-2872 | WWW.BERGERSINGERMAN.COM

detail the form and manner in which it has complied with the permanent injunction, pursuant to 15 U.S.C. § 1116(a);

(4) Order that Defendants, in accordance with 15 U.S.C. §§ 1116(d) and 1118, be required to deliver up to be impounded during the pendency of this action all infringing advertising, promotional, or other materials in its possession or under its control, and to deliver up for destruction all infringing copies or materials used for reproducing or infringing Mantua's RIZE marks;

(5) Requiring Defendants to provide an accounting to determine all revenue, profits, savings, or other benefits obtained by Defendants through their wrongful actions;

(6) Awarding Mantua corrective advertising expenses to counteract the public confusion resulting from Defendants' knowing, willful, deliberate and wrongful conduct;

(7) Awarding Mantua all monetary damages to which it may be entitled under statutory or common law, including, but not limited to, an award of iRize's profits, actual damages, and such statutory damages as may be available;

(8) Ordering Defendants to transfer ownership of the domain name irizemattress.com, or any similar domain names owned by Defendants, to Mantua, pursuant to 15 U.S.C. §1125(d)(1)(C);

(9) Awarding Mantua costs and reasonable attorneys' fees pursuant to 15 U.S.C. §1117(a) or other statutory or common law providing for an award of costs and fees;

(10) Awarding Mantua all pre- and post-judgment interest to which it may be entitled as a matter of statutory or common law; and,

(11) Awarding Mantua such other relief as the Court may deem appropriate.

BERGER SINGERMAN
350 EAST LAS OLAS BOULEVARD | SUITE 1000 | FORT LAUDERDALE, FLORIDA 33301
t: (954) 525-9900 | f: (954) 523-2872 | WWW.BERGERSINGERMAN.COM

| | |
|---|---|
| Dated: December 10, 2020 | Respectfully submitted,<br><br>BERGER SINGERMAN LLP<br>*Attorneys for Plaintiff, Mantua Manufacturing Company*<br>350 East Las Olas Boulevard, 10th Floor<br>Fort Lauderdale, Florida 33301<br>Main: (954) 712-5138<br>Facsimile: (954) 523-2872<br><br>By: *s/ Geoffrey Lottenberg*<br>  Geoffrey Lottenberg<br>  Florida Bar No. 56240<br>  Jeffrey S. Wertman<br>  Florida Bar No. 3093<br>  glottenberg@bergersingerman.com<br>  jwertman@bergersingerman.com<br>  drt@bergersingerman.com |

10192005-4

BERGER SINGERMAN
350 EAST LAS OLAS BOULEVARD | SUITE 1000 | FORT LAUDERDALE, FLORIDA 33301
*t:* (954) 525-9900 | *f:* (954) 523-2872 | WWW.BERGERSINGERMAN.COM