**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No.:1: 20-cv-25036-CMA
Civil Action
District Judge:  Cecilia M. Altonaga
Magistrate Judge: Edwin G. Torres**

MANTUA MANUFACTURING
COMPANY,

Plaintiff,

v.

IRIZE MATTRESS, INC., and
MOHANAD SALEM JAMIL,

        Defendants.
_____/

**PLAINTIFF'S NOTICE OF JOINT LIABILITY**

Plaintiff, Mantua Manufacturing Company ("Mantua" or "Plaintiff"), by and through its undersigned counsel and pursuant to the Court's Order on Default Final Judgment Procedure [ECF No. 16], hereby submits this Notice of Joint Liability and states as follows:

**I.     INTRODUCTION AND BACKGROUND FACTS**

On December 10, 2020, Plaintiff filed a complaint against Defendants iRize Mattress, Inc. and Mohanad Salem Jamil (the "Defaulting Defendants") asserting claims for trademark infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114, unfair competition and/or false designation pursuant to Section 43 of the Lanham Act, 15 U.S.C. § 1125, and cybersquatting under Section 43(d) of the Lanham Act [ECF No. 1] (the "Complaint").

The facts of the case are typical of most trademark infringement lawsuits.  Mantua markets and sells bedding products throughout the United States under the name and trademark RIZE.  *See*

Complaint at ¶¶ 8-13. Mantua owns several federal trademark registrations for variations of the RIZE trademark including U.S. Reg. Nos. 4,475,101 and 4,484,408 for electric adjustable beds and U.S. Reg. No. 5,905,247 for mattresses and other bedding products. *See* Complaint at ¶¶ 9-12. Mantua has been using the RIZE trademark since at least as early as August 2011.

In 2020, Mantua became aware that Defendant iRize Mattresses, Inc. ("iRize") at the direction of its owner, Defendant Mohanad Salem Jamil ("Jamil"), was using the name and trademark "iRize" in connection with the sale of mattresses and related bedding products, including adjustable bed frames. The Defaulting Defendants promote and sell the "iRize" branded products through an e-commerce website located at www.irizemattress.com. Mantua sent several demand letters to the Defaulting Defendants and obtained a default judgment sustaining Mantua's opposition of Jamil's attempt to register the "iRize" mark at the United States Patent and Trademark Office's Trademark Trial and Appeal Board. *See* Complaint at ¶¶ 14-33. The Defaulting Defendants' acts of infringement, unfair competition, and cybersquatting continue through the date of the Complaint to this day.

## II. THE DEFAULTING DEFENDANTS ARE JOINTLY AND SEVERALLY LIABLE

It is well established that the sole owner and/or director of a corporate defendant who directed, controlled, ratified, participated in, or was otherwise the moving force behind the infringing activity can be held jointly and personally liable alongside the corporate defendant. *See e.g., Babbit Electronics Inc. v. Dynascan Corp.,* 38 F.3d 1161, 1183–84 (11th Cir.1994) (in a trademark infringement case, individual defendants were jointly and personally liable with their corporation for all relief, which included corporate profits, because they "authorized, directed, and participated in the infringement"); *Turner Greenberg Assocs., Inc. v. C & C Imports, Inc.*, 320 F. Supp. 2d 1317, 1334 (S.D. Fla. 2004), *aff'd*, 128 F. App'x 755 (11th Cir. 2005)("a corporate officer

is personally liable if he or she personally took part in infringing activities"); *Vivid Entm't, LLC v. Baserva*, No. 2:13-CV-524-FTM-29, 2015 WL 5021417, at *5 (M.D. Fla. Aug. 25, 2015)("joint and several liability extends to a defendant where, as here, the corporate defendant was closely held by the individual defendant who was engaging in the infringing conduct.").

Here, the Complaint alleges that Jamil is "iRize's resident agent and sole officer and director" and further that "Defendant Jamil directed, controlled, ratified, participated in, or was otherwise the moving force behind the alleged infringing activity…" *See* Complaint at ¶7. Given that in the context of default the well-plead allegations of the complaint are deemed admitted, Jamil can be held jointly and personally liable with iRize for the alleged acts of trademark infringement, unfair competition, and cybersquatting.[1] *See, Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir.2009)("A defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established"); *WFTV, Inc. v. Maverik Prod. Liab*. Co., No. 6:11-CV-1923-ORL-28, 2013 WL 3119461, at *21 (M.D. Fla. June 18, 2013)(awarding joint and several damages and injunctive relief against corporate defendant and owner for acts of trademark infringement, unfair competition and cybersquatting);

### III.   CONCLUSION

Based on the foregoing, it is respectfully submitted that the Court may award damages and injunctive relief joint and severally against the Defaulting Defendants.

---

[1] The same set of facts that permit a plaintiff to recover for federal trademark infringement under § 1114(1)(a) will also result in recovery for false designation of origin and unfair competition under § 1125 and common law unfair competition. *See, Edge Sys. LLC v. Aguila*, 186 F. Supp. 3d 1330, 1348 (S.D. Fla. 2016), aff'd, 708 F. App'x 998 (Fed. Cir. 2017)

| | |
|---|---|
| Dated: January 29, 2021 | Respectfully submitted, |

**BERGER SINGERMAN LLP**
*Attorneys for Plaintiff, Mantua Manufacturing Company*
350 East Las Olas Boulevard, 10th Floor
Fort Lauderdale, Florida 33301
Main: (954) 712-5138
Facsimile: (954) 523-2872

By: *s/ Geoffrey Lottenberg*
Geoffrey Lottenberg
Florida Bar No. 56240
Jeffrey S. Wertman
Florida Bar No. 3093
glottenberg@bergersingerman.com
jwertman@bergersingerman.com
drt@bergersingerman.com

## CERTIFICATE OF SERVICE

I, Geoffrey Lottenberg, hereby certify that on January 29, 2021, I electronically filed the foregoing by using the CM/ECF system. I also sent a copy to the Defaulting Defendants at the last known address indicated on the Verified Returns of Service via U.S. Certified Mail:

**IRIZE MATTRESS, INC.**
c/o Abnen Doe as General Manager
2555 NW 107 Avenue
Doral, FL  33172

**MOHANAD SALEM JAMIL**
8703 Brixford Street
Orlando, FL 32836

By: */s/ Geoffrey Lottenberg*
Geoffrey Lottenberg
BERGER SINGERMAN LLP
*Attorneys for Plaintiff*

10313931-2